1
2
3
4
5

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR QAZI, by and through YASIR
MEHMOOD, next friend,

     Petitioner,

vs.

EMERGENCY RESPONSE TEAM
MEMBERS OF NEVADA SOUTHERN
DETENTION CENTER, et al.,

     Respondents.

Case No. 2:15-cv-01525-APG-VCF

**ORDER**

     Yasir Mehmood has filed a petition for a writ of habeas corpus on behalf of Omar Qazi, who is detained in the Nevada Southern Detention Center and who is a defendant in a criminal action in this court, United States v. Qazi, Case No. 2:15-cr-00014-APG-VCF.  The court has reviewed the petition, and the court dismisses this action.

     An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  The law allows for a person other than the petitioner to file a petition for a writ of habeas corpus, but there are two defects with what Mehmood is trying to do.  First, Mehmood is not an attorney, and thus he cannot represent Qazi.  Second, Qazi is not under any disability that would prevent him from filing a habeas corpus petition by himself.  Qazi is representing himself in the criminal action, and he has demonstrated that he is able to file documents in this court.  If Qazi wants to pursue an action based upon the allegations in the petition, then he may.

1    This also is the wrong form of action for the allegations that Mehmood presents. Mehmood

2 alleges that officers at the Nevada Southern Detention Center beat Qazi on July 13, 2015. This is an

3 allegation about the conditions of confinement, not the validity of confinement. "Habeas corpus

4 proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of

5 confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions

6 of . . . confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

7 Rodriguez, 411 U.S. 475, 484, 498-99 (1973)).

8    Also before the court is a motion to order (#2), which is actually the first page of the

9 petition. The court denies this motion.

10    Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the

11 court will not issue a certificate of appealability.

12    IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is

13 **GRANTED**. Mehmood need not pay the filing fee of five dollars ($5.00).

14    IT IS FURTHER ORDERED that the motion to order (#2) is **DENIED**.

15    IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

16 habeas corpus.

17    IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice. The clerk

18 of the court shall enter judgment accordingly and close this action.

19    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

20    DATED: 11/2/15

21

22

23    ANDREW P. GORDON
      United States District Judge

24

25

26

27

28

-2-